O

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE D. GARZA, | NO. CV 10-7658-VBF (MAN) |
| Plaintiff, | MEMORANDUM AND ORDER DISMISSING |
| v. | FIRST AMENDED COMPLAINT WITH LEAVE |
| SALINAS VALLEY STATE PRISON, et al., | TO AMEND |
| Defendants. | |

On July 20, 2010, plaintiff, a state prisoner proceeding *pro se,* filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, in the United States District Court for the Northern District of California. On August 13, 2010, plaintiff filed a First Amended Complaint. The Northern District of California then transferred the action to this judicial district. On October 22, 2010, this Court granted plaintiff's application to proceed *in forma pauperis*, and the First Amended Complaint, which is the operative complaint, was filed in this court.

Congress has mandated that courts perform an initial screening of prisoner civil rights actions. This Court "shall" dismiss such a civil

1  action before service of process if the Court concludes that the

2  complaint is frivolous, malicious, fails to state a claim upon which

3  relief may be granted, or seeks relief against a defendant who is immune

4  from suit. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1).  In screening

5  such a complaint, the Court must construe the allegations of the

6  complaint liberally and must afford the plaintiff the benefit of any

7  doubt.  *See* <u>Karim-Panahi v. Los Angeles Police Dep't</u>, 839 F.2d 621, 623

8  (9th Cir. 1988).  A *pro se* litigant must be given leave to amend his or

9  her complaint unless it is absolutely clear that the deficiencies of the

10  complaint cannot be cured by amendment.  *Id.*; <u>Noll v. Carlson</u>, 809 F.2d

11  1446, 1448 (9th Cir. 1987).

12

13                    **ALLEGATIONS OF THE FIRST AMENDED COMPLAINT**

14

15       Plaintiff is currently incarcerated at the Salinas Valley State

16  Prison ("SVSP").  (First Amended Complaint at 1.)  He is suing the

17  following defendants:  California State Prison-Los Angeles County ("CSP-

18  LAC"); SVSP; Chief Deputy Warden B.M. Cash; Correctional Officer Luis

19  Chavez; Facility Captain E.J. Hutchins; Correctional Officers G. Lage,

20  E.J. Williams, Rubio, and Solorzano; Lieutenant A. Espinoza; N. Grannis,

21  Chief of the Inmate Appeals Branch; "Facility Captain Appeals Examiner"

22  S. Wright; Lieutenant A. Sylva; Sergeant R. Valenzuela; Appeals

23  Coordinator J. Curiel; Correctional Officer J. Freye; B. Mendez, Cook;

24  Dr. T. Belavich, Health Care Manager; Associate Warden R.W. Nipper;

25  Lieutenant M. Nunez; Soliz, R.N.; Cabrera, R.N.; Warden F.B. Haws;

26  Facility Captain Dottaviano; Lieutenant Aaron Pfeil; Correctional

27  Officers Davila, Andy Puenes, P. Rohskothen; Napolitano, R.N.; Briones,

28  R.N.; T. Van Dongen, Health Care Appeals Coordinator; P. Gailbraith,

Health Care Appeals Coordinator; Special Agent Williams Wells; Correctional Counselor R. Thomas; Lieutenant Galviz; C. Ynson; V. Daniels, R.N.; A. Pangilinan; Correctional Officer Vadaro; A. Swaby; H.C. Le, M.D.; J. Gocke N.P.; R. Ravikumar, M.D.; Finlander, M.D.; Olukanmi; Fitter, M.D.; and Mostafania, M.D. (*Id.* at 2-3.)

Plaintiff alleges that, on July 17, 2009, while he was incarcerated at CSP-LAC, defendant Correctional Officer Chavez entered his hospital room and took his Bible. (First Amended Complaint at 3.) When plaintiff objected, Chavez grabbed his injured arm, dragged him out of bed, and repeatedly punched him. (*Id.*) Plaintiff suffered two broken front teeth and other injuries, including a re-injury of his shoulder. (*Id.*) Chavez then charged plaintiff with assaulting *him*. (*Id.*)

Plaintiff further alleges that, on another occasion, defendant Chavez: tore away plaintiff's blanket and threw his wheelchair at him, injuring plaintiff's ankle; made sexual advances to plaintiff; and claimed to have urinated in plaintiff's kosher meal. (Complaint at 3.) Plaintiff asserts that Chavez slandered plaintiff, called him names, and endangered his safety, and Chavez and other CSP-LAC staff starved plaintiff. (*Id.*) Plaintiff further contends that he was sexually abused and tormented by Chavez and other CSP-LAC staff since his arrival at the prison, and that the appeals coordinators and medical staff lied and engaged in cover-ups. (*Id.*)

Plaintiff seeks release from prison to "a regular and civilian hospital," an award of court costs, and methadone for his chronic pain. (First Amended Complaint at 3-4.)

1                                  **DISCUSSION**

2

3    I.    **PLAINTIFF'S EXCESSIVE FORCE CLAIMS AGAINST DEFENDANT CHAVEZ**

4          **WITHSTAND SCREENING; PLAINTIFF'S OTHER CLAIMS AGAINST CHAVEZ MUST**

5          **BE DISMISSED.**

6

7          Plaintiff's factual allegations are sufficient to allege Eighth

8    Amendment claims against defendant Chavez for excessive force on two

9    occasions:  (1) on July 17, 2009, when Chavez allegedly dragged

10   plaintiff out of his hospital bed and repeatedly punched him; and (2)

11   on an unspecified date, when Chavez allegedly threw plaintiff's

12   wheelchair at him, injuring his ankle.  (First Amended Complaint at 3.)

13

14         With respect to plaintiff's allegation that Chavez told him that

15   Chavez had urinated in plaintiff's food, it is unclear whether plaintiff

16   is alleging that Chavez actually did so, or only that Chavez verbally

17   harassed him by claiming to have done so.   An allegation that a

18   correctional officer urinated in an inmate's food is sufficient to state

19   an Eighth Amendment claim.   The protections of the Eighth Amendment,

20   however, do not extend to verbal harassment.  *See* Blueford v. Prunty,

21   108 F.3d 251, 254-55 (9th Cir. 1997)(holding that a prison guard who

22   engaged in "vulgar same-sex trash talk" with inmates was entitled to

23   qualified immunity); Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996)

24   (holding that verbal threats and harassment do not state an Eighth

25   Amendment claim).   For the same reason, plaintiff's allegations that

26   defendant Chavez slandered him and called him names do not state an

27   Eighth Amendment claim.  *See* Oltarzewski v. Ruggiero, 830 F.2d 136, 139

28   (9th Cir. 1987) (directing vulgar language at an inmate does not state

1    a constitutional claim).  Plaintiff may be alleging that the "names"

2    applied to him by Chavez endangered his safety; however, he has not

3    adequately alleged a claim for deliberate indifference to his safety,

4    because he does not state what the "names" were, in what manner they

5    endangered his safety, and whether the risk to his safety ever

6    materialized.  *Contrast* <u>Valandingham v. Bojorquez</u>, 866 F.2d 1135, 1137-

7    38 (9th Cir. 1989)(allegations that prison guards called plaintiff a

8    "snitch" and other inmates then threatened plaintiff with harm stated

9    a claim).

10

11       With respect to plaintiff's allegations that Chavez made sexual

12   advances towards him and sexually abused him, prisoners have a right to

13   be free from sexual abuse by prison guards.  *See* <u>Austin v. Terhune</u>, 367

14   F.3d 1167, 1171 (9th Cir. 2004); <u>Schwenk v. Hartford</u>, 204 F.3d 1187,

15   1197 (9th Cir. 2000).  Verbal sexual harassment, however, does not

16   necessarily violate the Eighth Amendment.  <u>Austin</u>, 367 F.3d at 1171-72

17   (finding no Eighth Amendment violation when prison guard in control

18   booth briefly exposed his genitals to inmate but never touched him).

19   Plaintiff's allegations are insufficiently specific to determine whether

20   he is alleging actionable sexual abuse.

21

22       To the extent plaintiff alleges that Chavez and other CSP-LAC

23   officials "starved" him, the Eighth Amendment requires prisoners to

24   receive food adequate to maintain health.  <u>LeMaire v. Maass</u>, 12 F.3d

25   1444, 1456 (9th Cir. 1993).  Plaintiff does not describe the nature of

26   the deficiency in the food he received, however, nor does he allege in

27   what manner Chavez was responsible for the deprivation.  There is no

28   indication in the First Amended Complaint that Chavez was responsible

for preparing or delivering plaintiff's meals.  *See* <u>Leer v. Murphy</u>, 844
F.2d 628, 633 (9th Cir. 1988)(deliberate indifference inquiry focuses
on the duties and responsibilities of particular defendant).

Accordingly, plaintiff's claims against defendant Chavez, except
for his excessive force claims, must be dismissed.  **Plaintiff is
cautioned that although his excessive force claims against Chavez have
withstood screening, plaintiff must re-allege them in his Second Amended
Complaint in order to continue to pursue them.**

## II.   PLAINTIFF FAILS TO ALLEGE A FACTUAL BASIS FOR SUING ANY DEFENDANT EXCEPT CHAVEZ.

In addition to defendant Chavez, plaintiff has sued 43 other
individuals and two entities.  Plaintiff has neither identified the
nature of his claims against these other defendants nor set forth the
facts on which his claims against them are based.  In his First Amended
Complaint, plaintiff has described incidents concerning defendant Chavez
alone.

The Court recognizes that plaintiff has attached to the First
Amended Complaint copies of his grievances, which mention individual
defendants other than Chavez.  However, it is not the Court's
responsibility to scour through plaintiff's exhibits to determine
whether they contain a factual basis for a possible constitutional
claim.  It is plaintiff's responsibility to set forth, with respect to
each defendant, "a short and plain statement of the claim" showing that
he is entitled to relief.  Fed. R. Civ. P. 8(a).  While plaintiff may

attach and incorporate exhibits to supplement his allegations, the exhibits are not a substitute for the substantive allegations that must be contained within the body of the complaint. *See* <u>Hodgins v. Woodford</u>, 2007 WL 852113, *4 (E.D. Cal., Mar. 21, 2007)("[Plaintiff] fails . . . to state what it is that each defendant has done that constitutes a deprivation of his constitutional rights. Instead, plaintiff apparently intends to have the court and the parties sort through his exhibits and put together the factual predicate of his claims."), *adopted by* 2007 WL 2789433 (E.D. Cal. Sep. 25, 2007).

To give each defendant the notice required by Rule 8, plaintiff must "make clear connections between specific allegations and individual defendants." <u>McHenry v. Renne</u>, 84 F.3d 1172, 1175 (9th Cir. 1996). Plaintiff must set forth, as to each defendant, "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). Because plaintiff has utterly failed to identify, or provide a factual basis for, his claims against any defendant except Chavez, his claims against the other defendants must be dismissed.[1]

If plaintiff elects to pursue this action, he must identify the nature of the claim he is asserting against each defendant named in the Second Amended Complaint. Furthermore, plaintiff must allege, with respect to each defendant, facts from which the Court can reasonably

---

[1]   The Court also notes that some of the defendants are apparently officials of SVSP rather than CSP-LAC. The First Amended Complaint does not describe any incidents at SVSP.

infer that, if plaintiff's allegations are true, that defendant is liable for the constitutional deprivation for which plaintiff seeks to hold him or her liable. *See* Iqbal, 129 S. Ct. at 1949 (Rule 8 requires more than an unadorned "the-defendant-unlawfully-harmed-me" accusation). If plaintiff cannot truthfully allege a factual basis for asserting constitutional claims against some of the 46 defendants, he should omit those defendants from the Second Amended Complaint.

## III. **PLAINTIFF'S CLAIMS AGAINST SVSP AND CSP-LAC ARE BARRED BY THE ELEVENTH AMENDMENT.**

Plaintiff has included as defendants two prisons, SVSP and CSP-LAC. (Complaint at 2.)

The Eleventh Amendment prohibits federal jurisdiction over claims against a state and its agencies unless the state consents to suit. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 908 (1984). The Ninth Circuit has explained: "In the absence of a waiver by the state or a valid congressional override, under the [E]leventh [A]mendment, agencies of the state are immune from private damage actions or suits for injunctive relief brought in federal court." Dittman v. California, 191 F.3d 1020, 1025 (9th Cir. 1999)(*internal quotation marks and citation omitted*). The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under Section 1983 in federal court, and the Supreme Court has held that Section 1983 was not intended to abrogate a State's Eleventh Amendment immunity. Dittman, 191 F.3d at 1025-26.

1    SVSP and CSP-LAC are entities within the California Department of

2    Corrections and Rehabilitation ("CDCR"), which is a state agency immune

3    from suit under the Eleventh Amendment.  *See* <u>Brown v. California Dept.</u>

4    <u>of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009)(CDCR is entitled to

5    Eleventh Amendment immunity).  Thus, plaintiff's claims against SVSP and

6    CSP-LAC are barred by Eleventh Amendment immunity,[2] and his claims

7    against SVSP and CSP-LAC must be dismissed for this additional reason.

8

9    **IV.   PLAINTIFF CANNOT ALLEGE A CONSTITUTIONAL CLAIM BASED ON THE**

10       **PROCESSING OF HIS GRIEVANCES.**

11

12       The defendants sued by plaintiff in this action include:   N.

13   Grannis, Chief of the Inmate Appeals Branch; "Facility Captain Appeals

14   Examiner" S. Wright; Appeals Coordinator J. Curiel; T. Van Dongen,

15   Health Care Appeals Coordinator; and P. Gailbraith, Health Care Appeals

16   Coordinator.  (First Amended Complaint at 3.)  Plaintiff may also have

17   sued other defendants based on their involvement in processing his

18   grievances.  (*See id.*).

19

20       A prisoner cannot state a due process claim based on the handling

21   of his grievances.  *See* <u>Ramirez v. Galaza</u>, 334 F.3d 850, 860 (9th Cir.

22   2003)("inmates lack a separate constitutional entitlement to a specific

23   prison grievance procedure"); <u>Mann v. Adams</u>, 855 F.2d 639, 640 (9th Cir.

24   _____

25        [2]   In his original complaint, plaintiff also named the CDCR as
26   a defendant.  Plaintiff has omitted the CDCR from the list of defendants
     in the First Amended Complaint.   Thus, the CDCR is not currently a
27   defendant.   In any event, the Eleventh Amendment precludes plaintiff
     from pursuing Section 1983 claims against the CDCR in federal court.
28   *See* <u>Brown</u>, 554 F.3d at 752.

1  1988)("There is no legitimate claim of entitlement to a grievance

2  procedure."); *see also* <u>Larkin v. Watts</u>, 300 Fed. Appx. 501, 2008 WL

3  4946284, *1 (9th Cir., Nov. 12, 2008)(plaintiff's "claim that the

4  defendants improperly processed his administrative complaints or

5  grievances does not give rise to a cognizable constitutional or <u>Bivens</u>

6  claim.")(citable under Fed. R. App. P. 32.1(a) and Ninth Circuit Rule

7  36-3).

8

9    Accordingly, to the extent plaintiff's claims arise out of his

10 dissatisfaction with the handling of his grievances, they must be

11 dismissed for this additional reason.

12

13                              **CONCLUSION**

14

15    For the foregoing reasons, the First Amended Complaint is dismissed

16 with leave to amend.  If plaintiff wishes to pursue this action, he is

17 granted thirty (30) days from the date of this Memorandum and Order

18 within which to file a Second Amended Complaint that attempts to cure

19 the defects in the First Amended Complaint described herein.  The Second

20 Amended Complaint, if any, shall be complete in itself.  It shall not

21 refer in any manner to the original Complaint or the First Amended

22 Complaint.  **Plaintiff may not add new claims or new defendants without**

23 **obtaining prior leave of court. Fed. R. Civ. P. 15(a)**

24 ///

25 ///

26 ///

27 ///

28 ///

1      **Plaintiff is explicitly cautioned that failure to timely file a**

2  **Second Amended Complaint, or failure to correct the deficiencies**

3  **described herein, may result in a recommendation that this action be**

4  **dismissed pursuant to Fed. R. Civ. P. 41(b).**

5

6  DATED: December 8, 2010

7

8  _____

9                MARGARET A. NAGLE
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28