UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JESSE D. GARZA,** | Case No. LA CV 10-07658-VBF-MAN |
| **Plaintiff,** | **ORDER** |
| v. | Overruling Plaintiff's Objections |
| LUIS M. CHAVEZ, | Adopting Report & Recommendation |
| Defendant. | Granting Defendant's Motion for Summary Judgment |
| | Dismissing the Action with Prejudice |

    This is a *pro se* prisoner civil-rights action pursuant to 42 U.S.C. section 1983. Pursuant to 28 U.S.C. § 636, the Court has reviewed the Third Amended Complaint ("TAC") and the defendant's Answer thereto (Documents ("Docs") 52 and 53), the summary-judgment motion briefs and accompanying declarations (Docs 75, 79, 82, 91, and 95), defendant's Statement of Uncontroverted Facts and Conclusions of Law (Doc 80) and plaintiff's response disagreeing with that statement (Doc 87), each party's statement of genuine disputed issues and responses and objections thereto (Docs 78-1, 80, 83, and 92-93), defendant's requests for judicial notice (Docs 77 and 94), the Report and Recommendation ("R&R") of the United States Magistrate Judge (Doc 96), petitioner's timely objections to the R&R (Doc 105), and all the records on file. Pursuant to 28 U.S.C. § 636(b)(1)( C) and Fed. R. Civ. P. 72(b), the Court has reviewed de novo those portions of the Report to which plaintiff has specifically objected. The Court will overrule the objections, adopt the well-reasoned

R&R, grant defendant's motion for summary judgment, and dismiss the action with prejudice.

In his Objections, plaintiff makes various factual allegations under penalty of perjury and appends documents that were not presented to the Magistrate. A district court has discretion to consider evidence or arguments presented for the first time in objections to an R&R. *See Brown v. Roe*, 279 F.3d 742, 744-45 (9th Cir. 2002). The Court has exercised its discretion to consider this new evidence, but concludes that it does not alter the analysis and conclusions set forth in the Report.

**The Court writes briefly to address two requests made in plaintiff's objection document: a request for appointment of counsel and an apparent request for deferral of a ruling on summary judgment pending further discovery.** Plaintiff states, "you should allow me to have an Investigator who is unbiased to go out and gather the indisputable evidence to prove that the defendant is not being truthful and this would be very easy to do with some simple photographs of the CTC rooms." Doc 105 at 3. Similarly, in an apparent attempt to remedy the lack of evidence of a genuine issue as to whether Chavez threw the wheelchair with the requisite malice, plaintiff states, "Oh there's lots of proof that Chavez was anti-Semitic, always picking on me to cause me harm. Allow it. I have lots of copies[.] I'm too hurt and ill to attach to this. But I need legal help also." Doc 105 at 12.

**The Court construes this as a request for appointment of counsel and denies the request.** First, the request is egregiously untimely. *Cf. Nguyen v. Barrows*, 2013 WL 6388612, *2 n.3 (N.D. Ga. Dec. 6, 2013) (denying *pro se* habeas petition) ("In his 'Motion for an Appeal,' petitioner requests the appointment of counsel. The motion was filed two months after the R&R issued . . . . The motion, even if it was considered a valid objection, is untimely."). Second, the un-fabricated record evidence entitles defendant to summary judgment. No precedent suggests that the interests of justice are served by appointing counsel for a party whose claims lack merit. *Cf. Rivera v. Wetzel*, 2014 WL 1613910, *6 (E.D. Pa. Apr. 21, 2014) ("[P]etitioner's *Miller* claim is plainly meritless. [His] other two claims are clearly untimely. Counsel will provide no benefit to petitioner or the court, and the interests of justice do not require the appointment of counsel."). In short, even if plaintiff had asked for counsel earlier, "this case does not present the type of exceptional circumstances (e.g., a merit[orious] claim of such complexity that counsel would materially assist in its presentation) needed to justify the

1    appointment of counsel." *McKinnie v. Boseman*, 2011 WL 740507, *1 (S.D. Ga. Feb. 23, 2011) (citing
2    *Steele v. Shah*, 87 F.3d 1266, 1271 (11th Cir. 1996)).

3         Plaintiff also effectively asks the Court to defer ruling so he can conduct more discovery.
4    *Accord Grant v. Alperovich*, 2014 WL 1260420, *2 (W.D. Wash. Mar. 26, 2014). "Such a discovery
5    request comes too late and is inappropriate." *Rector v. NY Bank of Mellon*, 2014 WL 631955, *5 (C.D.
6    Cal. Feb. 14, 2014) (refusing to defer summary-judgment ruling despite *pro se* civil-rights plaintiff's
7    request that Court compel defendant to produce documents which he asserted would prove the bank
8    lacked standing to foreclose or evict). If plaintiff believed he needed more time for discovery before
9    opposing the motion, "the proper course of action was to file a much earlier request to push back the
10   deadlines and defer ruling . . . pursuant to Fed. R. Civ. P. 56(d)." *Rector*, 2014 WL 631955 at *5.

11        Rule 56(d) provides, "If a nonmovant shows by affidavit or declaration that, for specified
12   reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering
13   the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3)
14   issue any other appropriate order."[1/] Rule 56(d) reflects the principle that "summary judgment is
15   proper only after the nonmovant has had adequate time for discovery." *Ray v. American Airlines, Inc.*,
16   609 F.3d 917, 923 (8th Cir. 2010). As such, Rule 56(d) "should be applied with a spirit of liberality."
17   *US v. Casino Magic Corp.*, 293 F.3d 419, 426 (8th Cir. 2002); *accord Culwell v. City of Fort Worth*,
18   468 F.3d 868, 871 (5th Cir. 2006). Rule 56(d), however, "is not a shield that can be raised to block
19   a motion for summary judgment" where, as here, the nonmovant has not made "even the slightest
20   showing . . . that his opposition is meritorious", *Duffy v. Wolle*, 123 F.3d 1026, 1040 (8th Cir. 1997).

21        With these principles in mind, plaintiff has not provided a justification for failing to act earlier
22   to conduct the discovery he deemed necessary or to file a properly supported Rule 56(f) motion to
23   extend discovery and defer ruling on summary judgment. Not until July 31, 2013, two days *after* filing
24   a brief opposing summary judgment, did plaintiff move for a Rule 56(f) continuance (Doc 89).

---

[1/] "This provision was formerly denominated FED. R. CIV. P. 56(f)," *Theros v. First Am. Title Ins. Co.*, 2013 WL 2176468, *1 (9th Cir. May 21, 2013). Current Rule 56(d) is "substantively the same as" former Rule 56(f). *See Michelman v. Lincoln Nat'l Ins. Co.*, 685 F.3d 887, 899 n.7 (9th Cir. 2012).

1  Defendant filed an opposition brief (Doc 89) on August 8, 2013.  The Magistrate Judge issued an
2  August 12, 2013 Order denying plaintiff's Rule 56(f) motion, explaining in pertinent part as follows:

> The brief, 16-line Motion appears to ask the Court to delay ruling on the Summary Judgment Motion, although it does not clearly identify the reason for the requested delay.  Plaintiff alludes to a need to obtain "the necessary information that the Defendant has failed to supply."  Plaintiff appears to complain that defendant failed to provide unspecified information in response to an untimely discovery request made by plaintiff, although this is unclear.
>
> Plaintiff does not identify any unanswered discovery or any information he has been unable to obtain and which he needs to oppose the Summary Judgment Motion.  The discovery cutoff in this case passed on November 11, 2012, and the deadline for bringing any discovery motion passed on January 10, 2013.  Plaintiff never filed any discovery motion, nor did he seek any extension of the discovery cutoff.  * * *
>
> * * * The Motion does not even come close to meeting [the] requirement[s] of Rule 56(d), given Plaintiff's failure: to identify *any* fact that further discovery would reveal; to explain why any specific, but not yet obtained facts, would preclude summary judgment if presented to the Court; and to explain how a continuance would allow plaintiff to produce evidence that would establish a material factual issue sufficient to preclude summary judgment.  *Id.* [*Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100–01 (9th Cir. 2006)] . . . . * * *

Doc 90 at 1-2 (first ¶ break added).  **Between the denial of plaintiff's first Rule 56(f) request in August 2013 and the issuance of the R&R in March 2014, Plaintiff had *more than half a year* to file a renewed Rule 56(f) motion** which specified the nature of the information he expected to uncover through that extended discovery which would help him to oppose summary judgment.  *See Long v. Playboy Enterprises Internat'l, Inc.*, No. 12-57044, – F. App'x –, 2014 WL 1202620, *1 (9th Cir. Mar. 25, 2014) ("Long had several months to conduct further discovery between the submission of PEII's motion for summary judgment and [the] hearing in which additional time was requested."); *Morris v. McHugh*, 2014 WL 1370295, *4 (D. Haw. Apr. 7, 2014).

**But plaintiff never again moved to defer ruling on defendant's summary-judgment**

**motion pending further discovery, and a formal motion was required.** Our Circuit holds that "references in memoranda and declarations for a need for discovery do not qualify as motions under Rule 56[(d)]", *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir. 1986), and there is no Ninth Circuit authority that a party's request in an objection to an R&R can serve as the requisite motion either. Moreover, "[f]ailing to diligently pursue discovery . . . is sufficient reason to deny further discovery." *Long*, 2014 WL 1202620 at *1 (citing *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1997)).[2/] Finally, plaintiff "failed to submit an affidavit . . . , as required by . . . 56(d)", and "[n]oncompliance with the terms of Rule 56(d)" alone is "an adequate ground" for denying a Rule 56(f) request, *see State v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998).

**The Court acknowledges that plaintiff is proceeding *pro se*, but "[a]lthough the Court is required to accord great liberality to *pro se* litigants, that requirement is not without limits."** *Padayachi v. IndyMac Bank*, 2010 WL 4367221, *5 (N.D. Cal. Oct. 28, 2010) (n.6 omitted). "Not even a *pro se* party may without good cause wait until the Magistrate has issued his R&R on summary-judgment motions before asking for more discovery to support or oppose those motions." *Rector*, 2014 WL 631955 at *5; *see also Monarch Greenback, LLC v. Monticello Ins. Co.*, 118 F. Supp.2d 1068, 1081 (D. Idaho 1999) (motion for discovery continuance "cannot be filed after the deadline set for filing of the opponent's response brief and affidavits") (citing *Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)). "Nor is *pro se* status a license to disregard the clear requirements of the Federal Rules of Civil Procedure . . . ." *Ismail v. Ford*, 2014 WL 1681993, *8 (C.D. Cal. Apr. 29, 2014) ("[P]ro se litigants in the ordinary civil case should not be treated more favorabl[y] than parties with attorneys of record.  * * *  '[I]t is not for the trial court to inject itself into the adversary process on behalf of one class of litigant.  * * *  Doing so necessarily implicates the court's impartiality and

---

[2/] Our Circuit holds that a district court is not "required . . . to advise *pro se* litigants of their right under Rule 56(d) to seek additional time to conduct discovery before facing a dispositive motion." *Crowley v. Bannister*, 734 F.3d 967, 978 (9th Cir. 2013). The *Crowley* panel suggested courts would be "well advised" to inform *pro se* parties of their right to seek a Rule 56(d) continuance, but only when the district court is converting a motion to dismiss into a motion for summary judgment. *See id.* In our case, defendant moved for summary judgment at the outset, so this Court did not convert any Rule 12(b)(6) motion into a Rule 56 motion.

5

discriminates against opposing parties who do have counsel.'") (quoting *Jacobsen v. Filler*, 790 F.2d 1362, 1364 with n.7 (9th Cir. 1986)) (other citations omitted); *see also Barnes v. United States*, 241 F.3d 252 (9th Cir. 1956) (noting that *pro se* litigants do not have rights that a represented litigant does not have), *cited by Garity v. Donahoe*, 2014 WL 1168913, *5 (D. Nev. Mar. 21, 2014).

Accordingly:

Plaintiff's objections are **OVERRULED.**

Plaintiff's request for appointment of counsel is **DENIED.**

Plaintiff's request for a Fed. R. Civ. P. 56(d) continuance is **DENIED.**

The Report and Recommendation is **ADOPTED.**

Defendant's motion for summary judgment is **GRANTED.**

This action is **DISMISSED** with prejudice.

Per Fed. R. Civ. P. 58(a)(1), the Court will enter judgment by separate document.[3]

DATED:   July 18, 2014   _____

VALERIE BAKER FAIRBANK
UNITED STATES DISTRICT JUDGE

---

[3] *See Jayne v. Sherman*, 706 F.3d 994, 1009 (9th Cir. 2013). "'To comply with Rule 58, an order must (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit or substantially omit the district court's reasons for disposing of the claims.'" *Elkins v. Foulkes*, 2014 WL 2615732, *14 n.4 (C.D. Cal. June 12, 2014) (quoting *Daley v. U.S. Attorney's Office*, 538 F. App'x 142, 143 (3d Cir. 2013) (per curiam) (citation omitted))

6